UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANTONIO A. GUTIERREZ**, | Civil Case No. 2:11-CV-01095-KI |
| Plaintiff, | OPINION AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | |
| **SERGEANT NICK V. NGUYEN (Oregon Department of Corrections (ODOC) Snake River Correctional Institution (SRCI)); LIEUTENANT REBECCA KRUEGER ((ODOC) SRCI); J. GILLUM ((ODOC) SRCI Correctional Officer)**, | |
| Defendants. | |

Antonio A. Gutierrez
#5448026
SRCI
777 Stanton Blvd.
Ontario, OR 97914

   Pro se Plaintiff

Page 1 - OPINION AND ORDER ON MOTION FOR RECONSIDERATION

Ellen F. Rosenblum
Attorney General
Andrew Hallman
Nina Englander
Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

    Attorneys for Defendants

KING, Judge:

Plaintiff, an inmate at Snake River Correctional Institution ("SRCI"), brought a civil rights action pursuant to 42 U.S.C. § 1983. I previously granted defendants' Motion for Summary Judgment. Plaintiff now moves for relief from judgment or for reconsideration.[1]

## LEGAL STANDARDS

A court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from judgment). Either way, a motion for reconsideration of a court's order must show newly discovered evidence, a change in controlling law, or that the decision was clearly erroneous or manifestly unjust. School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Nunes v. Ashcroft, 375 F.3d 805, 807-808 (9th Cir. 2004).

## DISCUSSION

Plaintiff's motion does not justify my reconsideration of judgment in defendants' favor.

---

[1] Defendants contend plaintiff's Notice of Appeal divests this court of jurisdiction to resolve the pending motion. However, under Rule of Appellate Procedure 4(a)(4)(B)(i), a notice of appeal filed after a court enters a judgment, but before the court disposes of a motion under Federal Rules of Civil Procedure 59 and 60, becomes effective on entry of the order disposing of the motion. Plaintiff's motion was filed well-within 28 days of the entry of judgment.

Plaintiff's request for reconsideration bolsters my conclusion that plaintiff fails to state an Equal Protection claim. Plaintiff believes the institution assigns other cellmates by race, but, while he prefers to be celled with someone white, his cellmates have been Mexican or Mexican-American. As I previously concluded, plaintiff's desire to be celled with a white inmate does not state a claim under the Equal Protection clause. See, e.g., Meachum v. Fano, 427 U.S. 215, 223 (1976) (no Constitutional right to placement in a particular prison or protection from transfer); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (officials may change "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another"); Bjorlin v. Hubbard, No. CIV S-09-1793 GEB GGH P, 2010 WL 457685, at * 1 (E.D. Cal. Feb. 4, 2010) (no Equal Protection violation because inmate is not "entitled to be housed with a member of his own race"); see also Johnson v. California, 543 U.S. 499, 509 (2005) (policy of housing inmates based on race is subject to strict scrutiny).

Similarly, plaintiff's motion again supports my conclusion that defendants are entitled to judgment on his Eighth Amendment failure to keep safe claim. I noted in my previous Opinion and Order that if plaintiff had actually referred to his cellmate when reporting his fear of attack to Sergeant Nguyen, that might suggest the existence of a material issue of fact as to whether Sergeant Nguyen acted in a deliberately indifferent fashion in failing to investigate the threat. However, plaintiff's evidence did not support a conclusion that he had provided any details to Sergeant Nguyen. In the instant motion, plaintiff concedes he "did not disclose the names of those involved[.]" Mot. for Recons. 8. In light of Sergeant Nguyen's explanation for needing specific information before reassigning an inmate to a different unit, and absent other factors

Page 3 - OPINION AND ORDER ON MOTION FOR RECONSIDERATION

from which a jury could conclude the officer was "aware of an obvious substantial risk to [plaintiff's] safety," I have no reason to reconsider my decision. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 843 (1994); <u>Mickens v. Stafford Creek Correc. Ctr.</u>, 132 F. App'x 691, 692-93 (9th Cir. 2005) (plaintiff expressed a general fear of assault, never named inmates he feared, and did not request protective custody).

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Relief from a Judgment or Order and for Reconsideration Pursuant to FRCP 60 [111] is DENIED.

IT IS SO ORDERED.

DATED this   16th   day of September, 2013.

                                         /s/ Garr M. King
                                         Garr M. King
                                         United States District Judge